CLYDE "ED" SNIFFEN, JR.
ACTING ATTORNEY GENERAL
Lael A. Harrison
Assistant Attorney General
Alaska Bar No. 0811093
Alaska Department of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: 907.465.3600
Facsimile: 907.465.3019
Email: lael.harrison@alaska.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA LANDMINE LLC and JEFFREY LANDFIELD,<br><br>  Plaintiffs,<br><br>v.<br><br>MICHAEL J. DUNLEAVY, in his official capacity as Governor of the State of Alaska; BEN STEVENS, in his official capacity as Chief of Staff to the Governor of the State of Alaska; and JEFF TURNER, in his official capacity as Deputy Communications Director for the Office of the Governor of the State of Alaska,<br><br>  Defendants. | Case No.: 3:20-cv-00311-JMK<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION; AND OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiffs are seeking expedited consideration, over a holiday weekend, of a condition that they allege has been in effect since October of 2019.[1] Further, plaintiff Landfield alleges that he met with the Governor's Chief of Staff in February or March of 2020 to request the relief he now seeks and was denied.[2] Neither the motion for expedited consideration nor the underlying motions offer any excuse for waiting more than a year to request an injunction and then demanding expedited relief within five business days.[3]

The timing of commencement of this lawsuit, and Plaintiffs' demand for a preliminary injunction, are entirely within Plaintiffs' control.[4] Based on Plaintiffs' own allegations, this lawsuit could have been brought as early as October 2019. Plaintiffs' own failure to file this lawsuit sooner is not grounds to grant expedited consideration. This is particularly true given the subject matter of this case, which requires legal analysis of the First and Fifth Amendments of the U.S. Constitution and a thorough understanding of the administrative and practical interests and operation of the press

---

[1] *See,* Motion for Expedited Consideration at page 2, lines 13-18.

[2] *See,* Complaint ¶¶ 5, 23.

[3] *See,* Exhibit S to Motion for Expedited Consideration, page 1 (plaintiffs' counsel's demand letter to defendants dated December 14 recites: "For over a year, the Governor's office has unlawfully excluded Mr. Landfield from participation in press conferences and other media availabilities involving the Governor and his office.")

[4] The Complaint was filed on Thursday December 17, and the plaintiffs waited five days until December 22 to file their motions for preliminary injunction, a temporary restraining order and expedited consideration in state court. And yet the plaintiff now demands that this Court take only seven days, three of which are a holiday weekend, to decide these motions.

*The Alaska Landmine, et al. v. Dunleavy, et al.*  Case No.: 3:20-cv-00311-JMK
OPP'N TO MTN FOR EXPEDITED CONSIDERATION;
OPP'N TO MTN FOR TRO  Page 2 of 7
Case 3:20-cv-00311-JMK   Document 9   Filed 12/23/20   Page 2 of 7

office of the Office of the Governor. This is not a matter appropriate for rushed action in a compressed timeframe over a holiday, and Plaintiffs' choice to wait to file until December 22nd does not change the analysis.[5]

Further, the motion for expedited consideration gives no reasoned explanation for why a decision is needed on the demanded date of December 30th. The Governor's Office has no press conferences currently scheduled any time in the next three weeks. And even if a press conference were scheduled, Plaintiffs' motion for expedited consideration offers no explanation for why an invitation to that press conference is of greater importance than any of the press conferences from October 2019 forward to which Mr. Landfield alleges he was not invited. Furthermore, if a press conference were scheduled, it would likely be announced in advance on the Governor's Facebook page and Twitter feed, livestreamed, and the recording would remain available online for future viewing, as has been the practice with recent press conferences.[6] Thus, Landfield, like all other Alaskans, has direct access to the content, including visual video feed, of gubernatorial press conferences.[7] Furthermore, although he would not have the

---

[5] As noted in the plaintiff's Declaration of Counsel, after removal the state superior court granted the motion to expedite without giving the defendants the opportunity to respond. That order, entered without state court jurisdiction, has since been properly vacated. This Court should give it no consideration since it was entered without jurisdiction and without the benefit of input from the defendants.

[6] See, https://www.facebook.com/GovDunleavy; https://twitter.com/GovDunleavy.

[7] Due to the COVID-19 pandemic, press conferences are generally conducted remotely at this time, with members of the press calling in by phone or web application.

*The Alaska Landmine, et al. v. Dunleavy, et al.*  Case No.: 3:20-cv-00311-JMK
OPP'N TO MTN FOR EXPEDITED CONSIDERATION;
OPP'N TO MTN FOR TRO  Page 3 of 7

opportunity to ask a question at that press conference, Mr. Landfield is free, as is any member of the public, to email questions regarding the topic of the press conference to the Governor's press office for response at their discretion. He is also free to submit public records act requests in accordance with Alaska state law. Thus, even if a press conference were scheduled in the next three weeks, Mr. Landfield, like all Alaskans, is still free to watch it, ask questions of the administration about it, obtain public records about it, and ultimately write about it on his blog.

Plaintiffs' motions compare Mr. Landfield to a CNN journalist who obtained a temporary restraining order reinstating his White House press credentials just days after filing a lawsuit.[8] But, according to the attachment to the motions, the CNN journalist complained of the loss of his credentials the day after they were revoked and filed his lawsuit within a week.[9] The journalist in that case did not wait more than a year after revocation of his credentials before requesting expedited relief.[10] Unlike that reporter,

---

Both members of the press and members of the public watch the same video feed provided by the press office.

[8] Motion for Expedited Consideration at page 5, lines 1-5.

[9] *See,* Exhibit W to Motion for Expedited Consideration at pages 3-4 (reciting that journalist's press pass was taken from him on November 7, his employer complained about it on November 8, and filed a lawsuit with a motion for a temporary restraining order on November 13; and also noting that the intervening three-day holiday weekend for Veterans Day).

[10] Mr. Landfield's situation is also entirely factually and legally different from that journalist, but those differences will be addressed in the defendants' substantive opposition to the Motion for a Preliminary Injunction. But it is essential to understand

*The Alaska Landmine, et al. v. Dunleavy, et al.*  Case No.: 3:20-cv-00311-JMK
OPP'N TO MTN FOR EXPEDITED CONSIDERATION;
OPP'N TO MTN FOR TRO                                              Page 4 of 7

Case 3:20-cv-00311-JMK   Document 9   Filed 12/23/20   Page 4 of 7

Mr. Landfield has accepted the status quo for more than a year, and has now manufactured an emergency that he demands the court address over Christmas.

Now that this matter has been removed to federal court, the briefing schedule is also already more rapid than had it proceeded in state court. According to this Court's Local Rules, Defendants' opposition to the motion is due fourteen days after service of the motion, which after repleading, is January 6, 2021. This is already a very tight schedule given the two intervening holidays, and anything shorter would impose an unnecessary and unfair burden on the defendants and their attorneys.[11] More importantly, it would inhibit the defendants' ability to present this Court with an adequate factual record and robust briefing to assist this Court in its own decision-making process.

Plaintiffs purport to seek a Temporary Restraining Order to be issued without giving Defendants an opportunity to respond, but they make no showing of entitlement to such an extraordinary remedy under the Alaska or Federal Rules of Civil Procedure. The State asks that Defendants be afforded ample time and opportunity to respond to the motion, a request that is all the more reasonable given that Defendants dispute many of the alleged facts on which Plaintiffs rely.

---

that the Governor's Office does not issue press credentials and has no control over or involvement with the Alaska Legislative process on which Mr. Landfield relies.

[11] Accompanying this opposition is a motion to extend this deadline to January 13, given the complexity of the factual and legal subject matter and the two intervening holiday weekends.

*The Alaska Landmine, et al. v. Dunleavy, et al.*　　　　　Case No.: 3:20-cv-00311-JMK
OPP'N TO MTN FOR EXPEDITED CONSIDERATION;
OPP'N TO MTN FOR TRO　　　　　　　　　　　　　　　　　　　Page 5 of 7

Case 3:20-cv-00311-JMK   Document 9   Filed 12/23/20   Page 5 of 7

Alaska Rule of Civil Procedure 65 and Federal Rule of Civil Procedure 65 provide for temporary restraining orders, which are ex parte orders that may issue only when "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[12] Furthermore, they are typically limited to prohibitory orders intended to preserve the status quo until a hearing can be held.[13] Yet, as discussed above, Plaintiffs have offered no explanation for why this Court should issue an order compelling Governor Dunleavy and other senior State officials to take action without allowing them an opportunity to be heard. Given that Mr. Landfield challenges an action that he alleges was taken in September of 2019, there is simply no reason to issue such an extraordinary and hasty remedy at this juncture. Nor is Mr. Landfield's requested relief proper for a temporary restraining order, given that it seeks to alter, not maintain, the status quo.

Because Plaintiffs have not shown good cause that this Court should expedite consideration of their motion for a Preliminary Injunction, and because Plaintiffs have not made the necessary showing to support a Temporary Restraining Order, this Court

---

[12] Federal R. Civ. P. 65(1)(a). *See also* Alaska R. Civ. P. 65(b) (allowing for an ex parte temporary restraining order when "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition").

[13] *See, e.g. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.* 415 U.S. 423 (1974) ("Ex parte temporary restraining orders … under federal law [] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer") (internal citations omitted).

*The Alaska Landmine, et al. v. Dunleavy, et al.*      Case No.: 3:20-cv-00311-JMK
OPP'N TO MTN FOR EXPEDITED CONSIDERATION;
OPP'N TO MTN FOR TRO                                      Page 6 of 7
Case 3:20-cv-00311-JMK   Document 9   Filed 12/23/20   Page 6 of 7

should deny both motions and allow this matter to go forward according to a normal

briefing schedule.

DATED: December 23, 2020.

>CLYDE "ED" SNIFFEN, JR.
>ACTING ATTORNEY GENERAL
>
>By: *s/ Lael Harrison*
>Lael A. Harrison
>Assistant Attorney General
>Alaska Bar No. 0811093
>Alaska Department of Law
>P.O. Box 110300
>Juneau, AK 99811-0300
>Telephone: 907.465.3600
>Facsimile: 907.465.3019
>Email: lael.harrison@alaska.gov

## CERTIFICATE OF SERVICE

I certify that on December 23, 2020, the foregoing Motion for Expedited

Consideration and Opposition to Motion for Temporary Restraining Order was served on

the following via the CM/ECF electronic filing system.

Matthew Singer, Schwabe, Williamson & Wyatt, P.C.
Lee C. Baxter, Schwabe, Williamson & Wyatt, P.C.

*s/ Lael Harrison*
Lael A. Harrison, Assistant Attorney General

*The Alaska Landmine, et al. v. Dunleavy, et al.*   Case No.: 3:20-cv-00311-JMK
OPP'N TO MTN FOR EXPEDITED CONSIDERATION;
OPP'N TO MTN FOR TRO                                              Page 7 of 7

Case 3:20-cv-00311-JMK   Document 9   Filed 12/23/20   Page 7 of 7