Matthew Singer
Lee C. Baxter
SCHWABE WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125
Facsimile: (503) 796-2900

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA LANDMINE LLC, And JEFFREY LANDFIELD, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. DUNLEAVY, in his official capacity as Governor of the State of Alaska; BEN STEVENS, in his official capacity as Chief of Staff to the Governor of the State of Alaska; and JEFF TURNER, in his official capacity as Deputy Communications Director for the Office of the Governor of the State of Alaska, <br><br> Defendants. | Case No. 3:20-cv-00311-JMK |

**REPLY IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendants (collectively referred to as "the Governor") do not contest that The

Alaska Landmine and Jeff Landfield ("Landfield") have suffered an irreparable injury,

PDX\LCB\29783147.1

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:20-cv-00311-JMK   Document 13   Filed 12/24/20   Page 1 of 7

yet seek to delay remediation of that injury for weeks or even months. The Court should reject the Governor's position, and enter a briefing and argument schedule akin to the now-vacated order of Anchorage superior court judge Thomas Matthews, with the State's response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction due next Tuesday, December 29, and oral argument on Wednesday, December 30. There is no reason to allow the Governor to continue to irreparably injure Plaintiffs and the public. Neither the obligations of the First Amendment, nor the U.S. Supreme Court's test for entry of preliminary injunction in *Winters*, include an exception for Holiday seasons.

The Governor misconstrues what precipitated this lawsuit in an effort to convince the Court that whatever harm The Alaska Landmine and Landfield have suffered, they have been suffering such harm since October 2019 and so can suffer a few more weeks.[1] This is factually untrue and legally incorrect. As Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction explains, the governor's office took action on **December 11, 2020**, that precipitated this lawsuit by refusing to provide Plaintiff Jeff Landfield—a journalist credentialed as press by the Alaska Legislature—equal access to a gubernatorial press event on that day that other credentialed journalists received.[2] On December 11, 2020, Defendant Dunleavy held a

---

[1] Docket 9 at 2-3.
[2] Docket 4 at 12-15.

REPLY IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION
*THE ALASKA LANDMINE LLC, ET AL. V. MICHAEL J. DUNLEAVEY, ET AL.*
CASE NO. 3:20-CV-00311-JMK – PAGE 2 OF 7

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:20-cv-00311-JMK   Document 13   Filed 12/24/20   Page 2 of 7

press conference on his proposed state budget.[3] Defendant Turner invited the other members of the credentialed press but did not invite Landfield.[4] Despite the lack of invitation, Landfield learned about the event from another journalist and attended via video conference.[5] Defendant Turner allowed the other credentialed journalists to ask Defendant Dunleavy questions, but refused to allow Landfield to ask a question.[6] Landfield was not allowed to ask a question because Defendant Turner allowed only those journalists who had been invited by the governor's office to ask questions.[7] When Landfield attempted to ask a question, Defendant Turner responded: "Sorry, Jeff, we're going to closing comments. Thank you."[8]

After this event, Landfield decided that the governor's office was interfering with his ability to report on matters of public concern, and so he sought legal counsel. Three days later, Landfield's new counsel sent a demand letter to Defendants on December 14, 2020, and waited for Defendants' response on December 16, 2020.[9] When Defendants refused to agree to Landfield's demand that Defendants' halt their unconstitutional and disparate treatment of him, he filed this lawsuit on December, 17, 2020, and advised Defendants that he would be seeking an injunction to halt their

---

[3] Docket 4 at 12-15.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Docket 4 at 14.
[9] Docket 6 at 2.

REPLY IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION
*THE ALASKA LANDMINE LLC, ET AL. V. MICHAEL J. DUNLEAVEY, ET AL.*
CASE NO. 3:20-CV-00311-JMK – PAGE 3 OF 7

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:20-cv-00311-JMK   Document 13   Filed 12/24/20   Page 3 of 7

unconstitutional behavior.[10]  On December 22, 2020, Plaintiffs filed their motion for temporary restraining order and preliminary injunction in Anchorage Superior Court.[11]  Defendants, seeking to delay resolution of this matter, removed the case to this Court.[12]  Landfield has been diligent in seeking to protect his legal rights and in securing legal counsel, filing this lawsuit, and seeking an injunction.

Since December 14, Defendants have had notice that Landfield would seek an injunction if they did not halt their unconstitutional behavior.  They did nothing.  Now they seek to benefit from their own refusal to treat a member of the credentialed press as it treats the other members of the same credentialed press.

The law is clear.  If in fact the governor has revoked Landfield's press credentials, due process required the governor to articulate why.  *Sherrill v. Knight*, 569 F.2d 124, 129 (D.C. Cir. 1977); *see also* Docket 6-5, pp. 6-7 (U.S. District Court Judge Timothy J. Kelly's decision issuing TRO for Trump Administration to re-issue CNN journalist Jim Acosta's White House press pass).  The governor's determination had to be based on actual standards.  *Id.*  Defendants did not articulate any standards or provide Landfield a reason he was being singled out and excluded.  Defendants' actions violated Landfield's due process and free speech rights enshrined in the U.S. and Alaska Constitutions.  The caselaw is crystal clear:  each day the governor's office is permitted

---

[10]  Docket 6 at 4.
[11]  *Id.*
[12]  Docket 1.

REPLY IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION
*THE ALASKA LANDMINE LLC, ET AL. V. MICHAEL J. DUNLEAVEY, ET AL.*
CASE NO. 3:20-CV-00311-JMK – PAGE 4 OF 7

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 3:20-cv-00311-JMK   Document 13   Filed 12/24/20   Page 4 of 7

to continue their unconstitutional actions constitutes an irreparable injury to Plaintiffs that this Court should remedy as quickly as possible. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) (holding that the government's violation of a party's free speech rights, even for minimal period of time, constitutes an irreparable injury); *Pursuing America's Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016); *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009); *Westinghouse Broad. Co., Inc. v. Dukakis*, 409 F. Supp. 895, 896 (D. Mass. 1976); *Cable News Network, Inc. v. American Broadcasting Companies, Inc.*, 518 F. Supp. 1238, 1245-46 (N.D. Ga. 1981).

Defendants offer that no expedited consideration is needed because the governor does not have any "scheduled" press events next week.[13] Yet, at a press conference just two days ago (December 22, 2020)—another gubernatorial press event that Defendants did not provide notice of or invite Landfield to—Defendant Dunleavy concluded the event by stating:

> Oh ok, thank you. So, I want to thank you again. It's a somewhat short presser. We'll probably be back here in a week or so to talk about updates on the CARES Act as well as where we are with the pandemic. We'll have conversations about the budget that we rolled out last week. So there's a lot of things happening.[14]

Defendants are not being forthright when stating that gubernatorial press events are not likely to be held next week.

---

[13] Docket 9 at 3-4.

[14] *See* Office of Governor Mike Dunleavy, 12/22 Press Briefing at 32:10-32:36. The press conference is viewable in its entirety at http://gov.alaska.gov/ and clicking on the "Media" tab in the page's ribbon, and then selecting the 12/22 Press Briefing video.

REPLY IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION
*THE ALASKA LANDMINE LLC, ET AL. V. MICHAEL J. DUNLEAVEY, ET AL.*
CASE NO. 3:20-CV-00311-JMK – PAGE 5 OF 7

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:20-cv-00311-JMK   Document 13   Filed 12/24/20   Page 5 of 7

The Governor's requested delay also harms the public. The Governor has just announced an intent to split up the Alaska Department of Health and Social Services. He has released his proposed budget. And the Alaska Legislature will be convening its next session in just a few weeks. All of these are significant matters, for which readers of The Alaska Landmine will be looking for accurate, thorough reporting. Delaying resolution of this matter not only denies Jeff Landfield the ability to express his free speech rights as a journalist, but also denies the public the benefits of a free press that are protected by the First Amendment and fundamental to our democracy.

The Alaska Landmine and Landfield have diligently sought to protect their constitutional rights. The Governor has refused to solve the problem since December 14, 2020, when he received The Alaska Landmine's demand letter. This case could have been avoided by simply adding Landfield to the Governor's email list for press conference invitations. The law is clear that every public press event that Plaintiffs are excluded from constitutes an irreparable injury to The Alaska Landmine and Landfield. This Court should grant expedited consideration of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction to stem these irreparable injuries.

DATED at Anchorage, Alaska, this 24th day of December, 2020.

>SCHWABE, WILLIAMSON & WYATT, P.C.
>Attorneys for Plaintiffs
>
>By: */s/Matthew Singer*
>    Matthew Singer
>    Alaska Bar No. 9911072
>    Email: msinger@schwabe.com

REPLY IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION
THE ALASKA LANDMINE LLC, ET AL. V. MICHAEL J. DUNLEAVEY, ET AL.
CASE NO. 3:20-CV-00311-JMK – PAGE 6 OF 7

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:20-cv-00311-JMK   Document 13   Filed 12/24/20   Page 6 of 7

By: */s/Lee C. Baxter*
Lee C. Baxter
Alaska Bar No. 1510085
Email: lbaxter@schwabe.com
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125
Facsimile: (503) 796-2900

CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronic service on the following counsel of record:

Lael A. Harrison
Assistant Attorney General
Alaska Department of Law
Email: lael.harrison@alaska.gov

*/s/Matthew Singer*

REPLY IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION
*THE ALASKA LANDMINE LLC, ET AL. V. MICHAEL J. DUNLEAVEY, ET AL.*
CASE NO. 3:20-CV-00311-JMK – PAGE 7 OF 7

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:20-cv-00311-JMK   Document 13   Filed 12/24/20   Page 7 of 7