IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA LANDMINE, LLC, *et al.*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>MICHAEL J. DUNLEAVY, *et al.*,<br><br>    Defendants. | Case No. 3:20-cv-00311-JMK<br><br><br>**TEMPORARY RESTRAINING ORDER AND ORDER RE OUTSTANDING MOTIONS**<br>**(Dockets 3, 7, 10, 11)** |

Before the Court are Plaintiffs with a motion for temporary restraining order ("TRO") and preliminary injunction at Docket 3. They simultaneously filed a motion to expedite at Docket 7. Defendants filed a motion for extension of time to respond at Docket 10, which Plaintiffs opposed at 14.

The parties appeared before the Court in an endeavor to schedule briefing related to Plaintiffs' motion for preliminary injunction, and were heard briefly on the issue of a temporary restraining order. The parties have fully briefed the motion to expedite.[1] This Order resolves Plaintiffs' request for a TRO only, leaving the preliminary injunction

---

[1] Dockets 7, 9, 13.

*The Alaska Landmine, LLC et al., v. Dunleavy et al.*    Case No. 3:20-cv-00311-JMK
Temporary Restraining Order & Misc. Orders          Page 1
Case 3:20-cv-00311-JMK  Document 18  Filed 12/30/20  Page 1 of 4

issues for decision after briefing and oral argument have been completed. The Court also rules on the issues presented in Dockets 7, 10, and 11.

## I. Temporary Restraining Order

Although the durations of potential remedies are distinguishable, "the legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'"[2] In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[3]

Pursuant to Fed. R. Civ. P. 65(b)–(d), the Court hereby GRANTS the motion for a TRO. Based on argument of counsel and evidence in Plaintiffs' affidavit and declarations received thus far, the Court is persuaded that Plaintiffs appear likely to succeed on the merits. This is so especially because the treatment Plaintiffs are asking for was offered in the recent past. The Court finds that, absent the issuance of a TRO, Plaintiffs will suffer irreparable harm before the parties are able to complete briefing on Plaintiffs' motion for preliminary injunction and the Court is able to issue its respective ruling. The harm identified is that Plaintiffs would not receive the same notice as other members of the media when the Governor's Office announces press conferences on the same day that they

---

[2] Fed. R. Civ. P. 65; *Washington. v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (quoting *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

[3] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

*The Alaska Landmine, LLC et al., v. Dunleavy et al.*                    Case No. 3:20-cv-00311-JMK
Temporary Restraining Order & Misc. Orders                              Page 2
Case 3:20-cv-00311-JMK   Document 18   Filed 12/30/20   Page 2 of 4

are scheduled.  The balance of equities tips in Plaintiffs' favor as the requested relief—to

add Mr. Landfield's email address to a media distribution notification list that he has been

on before—is not onerous, and, without this email notification, Plaintiffs may not learn of

scheduled press conferences in time to participate.  The Court finds generally that allowing

Plaintiffs to attend press conferences so that they can report to the public is in the public

interest.

　　　　　Therefore, it is ORDERED that Defendants include Plaintiffs on the email

distribution list of members of the "traditional media" in the sense that phrase is used by

Defendants, when Defendants invite journalists to gubernatorial press conferences and

other press events.

　　　　　It is further ORDERED that movants post a security bond of $1,000 to cover

costs and damages in the event that any party later be found to have been wrongfully

enjoined.[4]

　　　　　The temporary order shall remain in effect for two weeks, until January 13,

2021.  Parties may take up the issue of extending the TRO with the Court at the oral

argument set that day.

## II.　　Other Matters

　　　　　The Court reiterates the briefing and argument schedule set at today's hearing

for the preliminary injunction remaining at Docket 3.  Defendants' opposition is due

January 6, 2021.  Plaintiffs' reply is due January 12, 2021.  Oral argument is calendared

---

[4]  Fed. R. Civ. P. 65(c).

*The Alaska Landmine, LLC et al., v. Dunleavy et al.*　　　　　　　　　　　　Case No. 3:20-cv-00311-JMK
Temporary Restraining Order & Misc. Orders　　　　　　　　　　　　　　　　　　　Page 3
Case 3:20-cv-00311-JMK   Document 18   Filed 12/30/20   Page 3 of 4

on January 13, 2021, at 9:00 a.m. in Virtual Courtroom 1. The parties will be notified in the event the time or date must change.

In sum, the motion at Docket 3 is GRANTED IN PART with respect to the TRO; with no decision to issue on the preliminary injunction until after oral argument. Plaintiffs' motion to expedite at Docket 7 is DENIED, with parties directed to follow the briefing schedule above. Defendants' motion for extension of time at Docket 10 is DENIED, subject to the briefing schedule above. Defendants' motion for oral argument at Docket 11 is GRANTED.

IT IS SO ORDERED at 4:30 p.m. this 30th day of December, 2020, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*The Alaska Landmine, LLC et al., v. Dunleavy et al.*                                         Case No. 3:20-cv-00311-JMK
Temporary Restraining Order & Misc. Orders                                                        Page 4
Case 3:20-cv-00311-JMK   Document 18   Filed 12/30/20   Page 4 of 4